# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1479V
Filed: August 30, 2019
UNPUBLISHED

| | |
|---|---|
| ANGELINA CAVALLO and NELSON POLANCO on behalf of M.P., a minor child,<br><br>               Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Diana Lynn Stadelnikas*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioners.
*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

      On October 10, 2017, Angelina Cavallo and Nelson Polanco ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of their minor child, M.P. Petitioners allege that M.P. suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on October 3, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 25, 2018, a ruling on entitlement was issued, finding petitioners entitled to compensation. On August 30, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioners should be awarded $15,517.95 to satisfy the State of New Jersey Medicaid lien, and an amount sufficient to purchase an annuity contract as described in the Proffer. Proffer at 2-3. In the Proffer, respondent represented that petitioners agree with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following to petitioners:**

  a. **A lump sum payment in the amount of $15,517.95, representing compensation for satisfaction of the State of New Jersey, lien, payable jointly to petitioners and**

> **Treasurer, State of New Jersey**
> **Mail to:**
> **Health Management Systems, Inc.**
> **P.O. Box 416522**
> **Boston, MA 02241-6522**
> **Medicaid ID Number: 243072657021**
> **HMS Case Number: 157945**

  **Petitioners agree to endorse this payment to the Treasurer, State of New Jersey.**

  b. **An amount sufficient to purchase the annuity contract described in section II. B of the attached Proffer.**

These amounts represent compensation for all damages that would be available under § 15(a). The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ANGELINA CAVALLO and <br> NELSON POLANCO on behalf of <br> M.P., a minor child, <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND <br> HUMAN SERVICES, <br><br> Respondent. | No. 17-1479V <br> Chief Special Master Dorsey <br> ECF |

## RESPONDENT'S PROFFER OF DAMAGES

**I.     Procedural History**

On September 25, 2018, respondent filed a Vaccine Rule 4(c) report concluding that M.P. suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§300aa-10 to -34.  Accordingly, on September 25, 2018, the Chief Special Master issued a Ruling on Entitlement, finding that M.P. suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 3, 2016.

**II.    Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should M.P. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

1

A. <u>Medicaid Lien</u>

Respondent proffers that M.P. should be awarded funds to satisfy the State of New Jersey Medicaid lien in the amount of $15,517.95, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New Jersey may have against any individual as a result of any Medicaid payments that the State of New Jersey has made to or on behalf of M.P. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about October 3, 2016, under Title XIX of the Social Security Act.  Reimbursement of the State of New Jersey lien shall be made through a lump sum payment of $15,517.95, representing compensation for satisfaction of the State of New Jersey lien, payable jointly to petitioners and

> Treasurer, State of New Jersey
> Mail to:
> Health Management Systems, Inc.
> P.O. Box 416522
> Boston, MA 02241-6522
> Medicaid ID Number: 243072657021
> HMS Case Number: 157945

Petitioners agree to endorse this payment to the Treasurer, State of New Jersey.

B. <u>Annuity</u>

An amount sufficient to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide a certain lump sum payment to M.P. as set forth below:

On April 20, 2032, a certain lump payment in the amount of $88,191.20.

Should M.P. predecease any the certain lump sum payment set forth above, said payment shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of M.P.'s death.

This amount represents all elements of compensation to which M.P. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.[5]

**III.   Summary of Recommended Payments Following Judgment**

A.   Medicaid Lien:                                                                $15,517.95
B.   An amount sufficient to purchase the annuity contract described
     above in section II. B.

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[5] At the time payment is received, M.P. will be an adult, and thus guardianship is not required.

3

          Respectfully submitted,

          JOSEPH H. HUNT
          Assistant Attorney General

          C. SALVATORE D'ALESSIO
          Acting Director
          Torts Branch, Civil Division

          CATHARINE E. REEVES
          Deputy Director
          Torts Branch, Civil Division

          HEATHER L. PEARLMAN
          Assistant Director
          Torts Branch, Civil Division

          */s/Christine M. Becer*
          CHRISTINE M. BECER
          Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146
          Benjamin Franklin Station
          Washington, D.C. 20044-0146
          Tel: (202) 616-3665

Dated: 8/28/19